DA 10-0017

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 250N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

BEVIN TODD CHIPPEWA,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-09-029
Honorable Kenneth R. Neill, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Great Falls, Montana


Submitted on Briefs:  November 10, 2010

Decided:  November 30, 2010


Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Bevin Todd Chippewa (Chippewa) appeals from his conviction for Failure of Violent Offender to Provide Notice of Change of Address, a felony, in violation of §§ 46-23-502(7), (10), 46-23-505 and 46-23-507, MCA, (2007). Chippewa incurred his obligation to register as a violent offender as a result of his conviction for arson in 1997. He presents two issues on appeal: (1) whether the trial court excused two jurors improperly on the basis of race, on peremptory challenges by the State; and (2) whether the trial court improperly excused prospective juror J.C.C. for cause. We affirm.

¶3 In response to the court's instruction about jury qualifications, prospective juror J.C.C. stated that he had been convicted of a felony. As a result the court excused J.C.C. from service. As J.C.C. was leaving or after he left, defense counsel stated that it was possible that J.C.C. might be competent to serve because his felony charge was dismissed. The Bailiff was sent to try to locate J.C.C., but was unsuccessful. The District Court determined that counsel's objection came too late, and that it was impractical to address the matter by the time defense counsel raised it. Chippewa then moved for a mistrial, and his motion was denied.

2

¶4     After the parties made their peremptory challenges, defense counsel raised a challenge under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986), to the State's peremptory removal of jurors T.C. and T.J., the only two apparent Native American venire members. The prosecutor responded that he believed that he had prosecuted T.C. for a traffic offense in 2005 and that T.C. had been charged with a misdemeanor drug possession, although that charge had been dismissed. The prosecutor also stated that T.C. had been reserved during questioning and had stated on his juror affidavit that he had two jobs and no time for jury duty. Thus, the prosecutor concluded that T.C. would not be a good juror for the State.

¶5     As to T.J., the prosecutor stated that she had a drug and paraphernalia conviction in 2006 which he most likely would have prosecuted. He also noted that T.J. had an ongoing traffic case with his co-counsel. Based on these reasons, the prosecution concluded that T.J. would not be a good juror for the State.

¶6     Defense counsel continued to maintain his *Batson* challenge, but offered no rebuttal despite being offered the opportunity to do so by the court. Based on the State's representations, the court determined that the prosecution had satisfied *Batson's* requirements that the State's challenges were for independent, non-discriminatory reasons.

¶7     Having reviewed the record on appeal and having considered the arguments of counsel on brief, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and on the record that the

3

issues are clearly controlled by settled Montana law.  We are not persuaded that the trial court committed any reversible errors of law in the rulings appealed from.

¶8     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE